UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:00-CR-64 |
| | ) | |
| MACK ARTHUR ATKINS | ) | |

# **O R D E R**

This supervised release revocation matter came before the Court on July 11, 2006, for a hearing in regard to whether or not the defendant has violated the conditions of his supervised release, and therefore, should his term of supervised release be revoked. On April 1, 2004, the defendant was placed on supervised release for three (3) years, and his term of supervision was scheduled to expire on March 31, 2007.

On March 8, 2005, the defendant's revocation hearing on a prior petition to revoke his supervised release was continued from March 7, 2005 to July 18, 2005 for the Court to take the first petition to revoke this defendant's supervised release under advisement. The defendant complied with the terms of his sex offender treatment at that time, and the first petition to revoke his supervised release was dismissed on August 16, 2005.

The defendant has stipulated that he has now violated the terms of his

supervised release by his misdemeanor convictions for possession of Schedule III and IV drugs in Morristown, Tennessee, on June 8, 2006, and by failing to attend his sex offender treatment counseling sessions as directed. Therefore, he pled guilty to Violation 1 and Violation 3. The government moved to dismiss Violation 2, which is **ORDERED DISMISSED**.

It was not contested that the defendant's violation guideline range is now six (6) months to twelve (12) months, however, the defendant is subject to a maximum sentence of twenty-four months (24) months under 18 U.S.C. §3583(e)(3). The defendant has stipulated that an eighteen (18) month sentence to be followed by no additional term of supervised release is an appropriate sentence in this case.

The Court has carefully considered the policy statements of Chapter 7 of the United States Sentencing Commission Guidelines which reflect a revocation range of six (6) to twelve (12) months. Because the policy statements of Chapter 7 of the U.S.S.C.G. are policy statements and not guidelines, and although the Court must consider these policy statements, the Court is not bound by them. *United States v. West,* 59 F.3d 32 (6th Cir. 1995).

The Court has considered the nature and circumstances of the violations, and the history and characteristics of the defendant, as well as the other factors set forth in 18 U.S.C. § 3553(a). The Court finds that the guidelines do not adequately take into consideration the seriousness of these violations and the defendant's continued risk to

2

sexually abuse children in our community. This Court has given Mr. Atkins numerous opportunities to comply with sex offender treatment. Instead, Mr. Atkins has continued to fail to participate in treatment, and to violate state laws by abusing prescription medication, which is an element of his sexual offending pattern.

Accordingly, the Court **FINDS** that the defendant has violated the terms of his supervised release, and his supervised release is **REVOKED**. The Court will impose a sentence authorized by 18 U.S.C. § 3583(e)(3). Therefore, it is hereby **ORDERED** that the defendant is sentenced to serve a term of eighteen (18) months of incarceration to run consecutive to any other state sentence.

The Court **RECOMMENDS** that the defendant receive credit for time served since June 16, 2006. The Court also **RECOMMENDS** that the defendant be designated to FMC Lexington, Kentucky, or FPC Manchester, Kentucky, on a **EXPEDITED** basis so that his medical needs may be addressed.

It is hereby **ORDERED** that the defendant is **REMANDED** to the custody of the United States Marshal.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE